IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jhishayon Xcell, | ) | C.A. No.: 6:05-2191-HMH-BHH |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| AID Upstate, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report and Recommendation of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 of the District of South Carolina.[1] Jhishayon Xcell ("Xcell") alleges that the Defendant violated his rights protected under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, et seq. Magistrate Judge Hendricks recommends granting AID Upstate's motion for summary judgment.

Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and

---

[1] The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1)(West Supp. 2006).

1

Recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

On June 8, 2006, Xcell filed a document titled "Response to Magistrate Judge." In his response, Xcell requested additional time to "obtain and consult with an attorney to secure the right to a fair trial with a motion for delay in the scheduled trial date." (Response 1.) The court allowed Xcell ten (10) days from the date of its order dated June 13, 2006, in which to file objections to the Report and Recommendation. As such, Xcell's objections to the Report and Recommendation were due June 23, 2006. To date, no objections have been received. The Defendant, AID Upstate, filed a reply to Xcell's response on June 27, 2006, requesting that the court adopt the Report and Recommendation because Xcell has failed to file timely objections. The court agrees.

In the absence of objections to the Report and recommendation of the Magistrate Judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983). Therefore, after a thorough review of the Report and Recommendation and the record in this case, the court adopts the Report and grants AID Upstate's summary judgment motion.

Therefore, it is

**ORDERED** that AID Upstate's motion for summary judgment, docket entry 28, is granted.

**IT IS SO ORDERED**.

                                                  s/Henry M. Herlong, Jr.
                                                  United States District Judge

Greenville, South Carolina
July 5, 2006

**NOTICE OF RIGHT TO APPEAL**

The plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.